UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRAVIS JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and others,<br><br>　　　　Defendants. | Case No. 14-cv-00733 NC<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 15, 28 |

Defendants move to dismiss the complaint in this action alleging wrongful search and seizure in violation of § 1983. Because plaintiff concedes that he has not sufficiently alleged some of his claims, the Court grants the motions to dismiss with leave to amend.

## BACKGROUND

Plaintiff Travis Jones alleges that on March 9, 2012, defendants Sergeant Dion McDonnell and Deputy Sheriff James Boswell raided and searched plaintiff's home pursuant to a warrant that lacked probable cause. Dkt. No. 11 at ¶¶ 11, 14. Plaintiff alleges that McDonnell and Boswell forced plaintiff to open a locked safe in his bedroom, which contained several guns that plaintiff lawfully owned. *Id.* at ¶¶ 13, 14. McDonnell and Boswell then arrested plaintiff for illegal possession of guns. *Id.* at ¶ 15. Plaintiff was held

for five days in Contra Costa County jail before being released. *Id.* at ¶ 17. All charges against plaintiff were dropped. *Id.*

Defendant McDonnell was a sergeant with the San Francisco Police Department. *Id.* at ¶ 6. Plaintiff alleges that defendant City and County of San Francisco is responsible for the acts of SFPD employees. *Id.* at ¶ 4. Defendant Boswell was an employee of the Contra Costa Sheriff's Department. *Id.* at ¶ 7. Plaintiff alleges that defendant Contra Costa County is responsible for the acts of CCSD employees. *Id.* at ¶ 5.

Plaintiff brought this action for violation of 42 U.S.C. § 1983 on February 18, 2014. Dkt. No. 1. Plaintiff voluntarily amended his complaint on May 7, 2014. Dkt. No. 11. Defendants Boswell and Contra Costa County moved to dismiss the amended complaint on July 2, 2014. Dkt. No. 15. Defendants McDonnell and City and County of San Francisco moved to dismiss the amended complaint on July 18, 2014. Dkt. No. 28.

All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 17, 19, 35.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the

pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## DISCUSSION

Plaintiff brings claims against each defendant for violation of 42 U.S.C. § 1983 based on the wrongful search and seizure of plaintiff's property, as well as his wrongful arrest. Defendants move to dismiss the complaint in its entirety for failure to plead sufficient factual allegations to state a claim. Plaintiff concedes that "the allegation that the search warrant was invalid is not sufficiently pled, and asks for leave to amend to further delineate factual allegations related to the warrant." Dkt. Nos. 26 at 8; 38 at 9. Plaintiff also concedes that he has not alleged facts sufficient to state a claim for municipal liability. Dkt. Nos. 26 at 10; 38 at 14.

Based on these concessions, the Court grants the motions to dismiss with leave to amend the complaint. The Court finds that leave to amend is appropriate to allow plaintiff to plead additional facts to support his § 1983 claims against all defendants.

## CONCLUSION

The Court grants the motions to dismiss with leave to amend. Plaintiff may amend his complaint within fourteen days of this order.

IT IS SO ORDERED.

Date: August 26, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge